# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

AIRLINES FOR AMERICA; AMERICAN
AIRLINES, INCORPORATED; DELTA AIR
LINES, INCORPORATED; JETBLUE AIRWAYS
CORPORATION; SOUTHWEST AIRLINES
COMPANY; UNITED AIRLINES,
INCORPORATED,

      *Petitioners*,

  v.

UNITED STATES DEPARTMENT OF
TRANSPORTATION,

      *Respondent*,

PARALYZED VETERANS OF AMERICA,

      *Intervenor*.

No. 25-60071

## INTERVENOR PARALYZED VETERANS OF AMERICA'S OPPOSITION TO MOTION TO HOLD CASE IN ABEYANCE

    Intervenor Paralyzed Veterans of America (PVA) respectfully opposes the Department of Transportation's motion to hold this case in abeyance for the reasons set forth below.

    This case concerns a final rule, Ensuring Safe Accommodations for Air Travelers With Disabilities Using Wheelchairs (the Rule), *see* 89 Fed. Reg. 102,398, promulgated by the Respondent, the Department of Transportation, late last year. Thereafter, Petitioners, Airlines for

America, American Airlines, Inc., Delta Air Lines, Inc., JetBlue Airways Corp., Southwest Airlines Co., and United Airlines, Inc., petitioned for review of the Rule in this Court. Seeking to defend its interest in the Rule, PVA moved to intervene in defense of the rule, ECF 24, which the Court granted, ECF 39.

As set forth in its motion to intervene, the Rule embodies significant protections for disabled passengers, for which PVA has long advocated. Those protections will benefit PVA's members, who have long faced discriminatory and unsafe air travel conditions. PVA has an interest in the Rule and in compliance with and enforcement of the Rule.

The Department has now moved to place the litigation in abeyance. Nearly simultaneously it formally announced that it will not enforce the Rule before August 1, 2025. 90 Fed. Reg. 24,319 (June 10, 2025). Part of the stated reason for this non-enforcement decision is "to consider the issues raised by a lawsuit filed recently to challenge certain provisions of the Wheelchair Rule." *Id*. at 24,320. Petitioners have now filed their brief, indicating a limited set of issues for review,

consisting only of whether the strict liability provision of the Rule is legal.

 Given that the Department previously exercised its enforcement discretion to not enforce the Rule during the early spring, *see* 90 Fed. Reg. 9,953 (Feb. 20, 2025), PVA has reason to be concerned that subsequent notices of non-enforcement will follow. This concern is heightened by the Department's request for an indefinite abeyance, untethered from the current expiration of the non-enforcement period. The combination of indefinitely paused litigation with the possibility of rolling non-enforcement determinations places the status of the Rule in limbo and delays the experience of its benefits for PVA's members and all air travelers.

 Further, notwithstanding the limited scope of review requested by Petitioners, the Department's non-enforcement notice effectively tolls the compliance deadlines for the Rule as a whole and, accordingly, requires compliance with the Administrative Procedure Act's rulemaking procedures. When an agency's action "is essentially an order delaying [a] rule's effective date, … such orders are tantamount to amending or revoking a rule." *Clean Air Council v. Pruitt*, 862 F.3d 1, 6

(D.C. Cir. 2017). While the Department may, of course, reconsider this Rule, it "'is itself bound by the rule until [the] rule is amended or revoked' and 'may not alter [the rule] without notice and comment.'" *Id.* (quoting *Nat'l Family Planning & Reproductive Health Ass'n v. Sullivan*, 979 F.2d 227, 234 (D.C. Cir. 1992)). The Department has not acknowledged or met these requirements. Permitting the Department to avoid proceeding to resolve this challenge to the Rule on its merits while simultaneously effectively suspending the Rule's requirements would prejudice PVA and permit an end run around the APA.

On the other hand, proceeding with the litigation would avoid the regulatory uncertainty caused by placing this litigation in abeyance, including the outstanding, unresolved litigation risk to the Rule. Given that Petitioners' challenge is narrow, to a single provision of the Rule, allowing the litigation to proceed in the usual course would not require undue expenditure of resources by the Court or the parties. PVA respectfully opposes the motion.

PVA also respectfully suggests that, should the Court deny the motion, the Respondent's brief be due thirty days after that decision,

Case: 25-60071     Document: 58     Page: 5     Date Filed: 06/16/2025

and, as an intervenor, PVA's brief be due seven days thereafter. 5th Cir. R. 31.2.

Respectfully submitted,

*s/ Robin Thurston*

| | |
|---|---|
| Alessandra B. Markano-Stark | Robin Thurston |
| Stephen F. Hayes | DEMOCRACY FORWARD FOUNDATION |
| RELMAN COLFAX PLLC | P.O. Box 34553 |
| 1225 19th St. NW, Suite 600 | Washington, D.C. 20043 |
| Washington, D.C. 20036 | (202) 894-6035 |
| (202) 728-1888 | rthurston@democracyforward.org |
| amarkano-stark@relmanlaw.com | |

June 16, 2025

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2) because it contains 635 words, according to the count of Microsoft Word.

*s/ Robin Thurston*
ROBIN THURSTON
