# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

AIRLINES FOR AMERICA; AMERICAN
AIRLINES, INCORPORATED; DELTA AIR LINES,
INCORPORATED; JETBLUE AIRWAYS
CORPORATION; SOUTHWEST AIRLINES
COMPANY; UNITED AIRLINES,
INCORPORATED,

*Petitioners*,

v.

UNITED STATES DEPARTMENT OF
TRANSPORTATION,

*Respondent*,

PARALYZED VETERANS OF AMERICA,

*Intervenor*.

No. 25-60071

## RESPONDENT'S REPLY IN SUPPORT OF MOTION TO
## HOLD CASE IN ABEYANCE

1. Intervenor provides no sound basis for denying the requested abeyance in this matter. Intervenor's opposition is premised on its objections to the agency's notice of enforcement discretion and potential reconsideration of the challenged Rule. *See* Opp. 3-4. The agency has made clear its intention to revisit the Rule, consistent with its authority to do so, and placing the case in abeyance will conserve the resources of the Court and the parties while the agency assesses whether to revise

the Rule in light of current priorities. The alternative would entail this Court investing significant time and resources in resolving a challenge that may be rendered moot by future agency action by the time argument is heard or a decision is issued. The more prudent approach would be to hold this case in abeyance until the agency has decided on a course of action with respect to the Rule and for the Court to decide how to proceed at that juncture.

Intervenor asserts that abeyance will "place[] the status of the Rule in limbo and delay[] the experience of its benefits for [intervenor's] members and all air travelers." Opp. 3. Revisiting a rulemaking necessarily entails uncertainty about the status of that rulemaking, but that is no reason to inject further uncertainty into the process by pressing ahead with briefing, argument, and resolution of an aspect of the Rule that could be the subject of a future rulemaking. Agencies are routinely (and necessarily) permitted to revisit their rules in light of evolving agency priorities. To the extent intervenor harbors concerns about changes that the agency may propose to the Rule in the future, intervenor is free to present its concerns in any future rulemaking that the agency undertakes.

3. Intervenor's reliance (Opp. 4) on *Clean Air Council v. Pruitt*, 862 F.3d 1, 6 (D.C. Cir. 2017), is misplaced. In that case, the Environmental Protection Agency had formally stayed a rule under the Clean Air Act, *see id.* at 5, which the D.C. Circuit understood to be "the final agency position on this issue," with "the status of law," *id.*

2

at 6, and therefore reviewable, *see id.* at 8. The reviewability of the Environmental Protection Agency's stay of a rule under a Clean Air Act provision authorizing such a stay has no bearing on the Department of Transportation's notice of enforcement discretion here—a notice that is time-limited, premised on the agency's ongoing review of the rule, and not final agency action. *See Heckler v. Chaney*, 470 U.S. 821, 831 (1985) ("[A]n agency's decision not to prosecute or enforce … is a decision generally committed to an agency's absolute discretion.").

4. Intervenor also requests that if the Court denies the government's motion to hold the case in abeyance, the deadline for the government's response brief be set to 30 days after the Court's decision on the motion to hold the case in abeyance and the deadline for the intervenor's brief be set to seven days thereafter. The government supports this request.

For the foregoing reasons, the Court should grant the government's motion to hold the case in abeyance.

Respectfully submitted,

MICHAEL S. RAAB
MICHAEL SHIH

*s/ Urja Mittal*
URJA MITTAL
*Attorneys, Appellate Staff*
*Civil Division, Room 7248*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, D.C. 20530*
*(202) 353-4895*
*urja.mittal@usdoj.gov*

June 2025

4

# CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2) because it contains 517 words, according to the word count of Microsoft Word.

                                              *s/ Urja Mittal*
                                              URJA MITTAL